# Richmond.

## BEVERLY & ALS. V. BEVERLY.

### March 17th, 1892.

RESULTING TRUST—*Case at bar.*—Where a father, expecting his land to be sold to satisfy a lien, arranges that his son should purchase it, and that it, except certain mills reserved as a support for him and his wife during their lives, should belong to all his children. The son purchases the land, and takes the conveyance in his own name, but the father pays the purchase-money;

HELD:

The son holds the legal title as trustee for the father.

Appeal from decree of circuit court of Wise county, rendered September 10th, 1888, in a chancery cause, wherein Freeman Beverly and Unicy, his wife, John P. Beverly, and others, were complainants, and Joel Beverly was defendant. The decree being adverse to the complainants, they appealed. The suit was a family contest of father, mother, and all their numerous children but one, against their son and brother. Opinion states the case.

*Burns & Fulton,* for appellants.

*Hagan & Pridemore* and *Kilgore & Miller,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The facts disclosed by the record are: That Freeman Beverly owned and occupied a tract of land of 590 acres on Guests river, in Wise county, Virginia, bought of one William

Osborne, having on it a dwelling, a grist-mill and a saw-mill, which tract was bought by him, subject to the lien of a judgment in favor of Josiah Jones against the said Osborne, for $100, with interest from 18th of June, 1856, and $8.15 costs. Josiah Jones filed his bill to enforce this said lien against the land in the hands of Freeman Beverly, which resulted in a decree for the sale of the said land to satisfy the said lien, and appointing W. H. Holdway commissioner of sale.

There is no contest over the result of the said suit nor as to the amount of the recovery therein. Freeman Beverly and wife were aged and feeble, and they wished to have the land bought in at the judicial sale for the amount of the lien for which it was to be sold, and continue to be the home and support of themselves and all the numerous children, including their son Joel; and to this end, and for this purpose only, Freeman Beverly selected his youngest son, Joel, to bid in and buy the land, when sold, as his agent. This is charged in the bill, not denied in the answer, and, in fact, is recognized and admitted by the defendant in all the proceedings, as well as proved by sundry witnesses.

On the 30th of June, 1880, Holdway, commissioner of sale, sold the land at public sale, and it was cried off to Joel Beverly, as purchaser, for $322.33, the aggregate amount of the lien-debt, interest and costs and commissions.

After the said sale, and in pursuance of the arrangement between Freeman Beverly and Joel, his son and agent, the said Joel made an agreement, in writing and under seal, with his brothers and sisters and their husbands, to make to them such rights as the court makes to him when the heirs (including himself) pay off the debt to Jones for which the land was sold; to rent out the saw-mill and to pay the rents upon the said debt; to let the grist-mill go for the support of the "old folks" during their lives; and, at their death, the said mills to be equally divided among all the heirs; the Jones debt to be paid by all of the heirs in equal amounts, and the

tract of 590 acres to be divided equally, or in proportion to their respective payments of the Jones debt. Joel Beverly paid off the Jones debt with moneys that passed through his hands, and the court decreed that a deed be made to him for the land, which was made, dated April 9th, 1883, by a commissioner for the purpose. Said Joel took possession and control of the tract of 590 acres, and his father and mother and their family resided in their old home for a time, Joel using the land and the saw-mill for himself only. Soon, however, his aged parents and their other children were compelled to leave their home, Joel claiming and asserting that he was the sole and absolute owner of the whole tract, and refusing to make partition, sale, or division. Thereupon Freeman Beverly and wife, and the aged father and mother, with all their children other than Joel, united in this suit as complainants against the said Joel Beverly, defendant.

The complainants allege that Joel had paid little, or actually nothing, of the Jones debt for which the land of his father was sold, with his own means; that he had nothing but one sheep and a horse of his own; that what money his father had furnished to him for the payment on the debt; the proceeds for the saw-mill received by Joel and not accounted for by him; the rent of the land and of the grist-mill taken by him and never accounted for; and the proceeds of sale of part of the land and of mineral rights upon the other portion of the land—had paid and over-paid the debt for which the land had been sold and bought by him as his father's agent. That the " improvements " which he claimed to have made were not needful and not expensive as he asserted; and that they had a right to a sale and distribution of the proceeds of the tract of land, crediting him with their proper proportion of proper " improvements " and repairs, and with his share of the proceeds, and charging him with the rents of the farm and saw-mill and grist-mill.

Joel Beverly filed his answer and exhibits at the September term, 1885, of the circuit court of Wise county, and the said

court, by a decree 'setting the rights and principles of the
cause, at the said September term, 1885, referred the cause to
C. F. Kilgore, special commissioner, to ascertain and report
what payments have been made on the land in controversy, by
whom made, and dates and amounts. What, if any, perma-
nent improvements have been made on it, by whom made, and
how much enhancement thereby of the value of the land.
The number of acres sold off of it by Joel Beverly, to whom
sold, and for what price; the value of the land sold as com-
pared to the whole tract; the mineral rights on said land sold
by Joel, to whom sold, and at what price; the rental value per
year of the land, and of the grist-mill and the saw-mill, and
the length of time the said land and mills have been held by
said Joel. The commissioner, Kilgore, took a large number of
depositions for complainants and for defendants, and returned
the same with his report September 6th, 1888, in which he
made detailed statements and careful analysis, showing that
the money furnished to Joel Beverly by his father, Freeman
Beverly, for the purpose, together with the land itself and the
sales of parts of it, by Joel, had fully paid off all the debt or
puchase-money, and for all the improvements and repairs—
without the expenditure by Joel Beverly of his own means,
or if he ever advanced any that it had been fully returned to
him. To this report various exceptions were filed, and the
circuit court by its decree of September, 1885, without pass-
ing upon the exceptions or upon the report itself, *dismissed the
bill,* as to all the complainants, except Freeman Beverly and
wife; and decreed that they take and hold the grist-mill for
their lives; that the children, including Joel, shall make up
any deficiency of said grist-mill for their support; that Joel
Beverly recover his costs from all the complainants except
Freeman Beverly and wife; who shall recover their costs
from Joel. From this decree Freeman Beverly and wife and
the other complainants in the bill have taken this appeal.

The land was the property of Freeman Beverly in fee, sub-
ject only to the lien of the Jones judgment. The children

have no sort of title or claim to any part of it, or upon it. He and his wife are old, and they have many children—nearly all females. Jones recovers a decree to sell the land to satisfy his judgment. The old father, anticipating the sale, arranges with his youngest son (Joel) that he should, as his agent, buy in the land at the sale, and, when the purchase-money should be all paid, and the only lien discharged, the old man directs the tract to belong to all his children (including Joel), reserving the old grist-mill as a support, for their lives, of himself and wife. Joel takes the deed in his own name; but it is stated by the commissioner, and proved by the evidence in the record, that, in fact, Joel did not pay a cent of the purchase-money for the tract, nor on the debt due to Jones; but that it was paid, and overpaid, by the father, Freeman Beverly, and his land in the use and enjoyment of Joel Beverly for five years. Joel Beverly was but the agent of his father, and he held the legal title by constructive, or implied, or resulting trust, for his father and principal, and for such uses as he had declared. The commissioner (appointed specially) has patiently taken the evidence—weighed and sifted it carefully—and has reported the result. There is nothing in the record to impeach his report, except the unsupported exceptions. In fact, his report has never been set aside, nor have the exceptions been sustained by the court. Joel Beverly holds the legal title to the land as trustee for Freeman Beverly, who paid off the debt. The decree appealed from is wholly erroneous, and the same is reversed and annulled; and the cause will be remanded to the circuit court of Wise county, with direction to appoint a commissioner to make a proper deed for the land to Freeman Beverly, to make what disposition of it he shall choose, as his own absolute property.

Decree reversed.